850 A.2d 614

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Walter OGROD, Appellant.**

Supreme Court of Pennsylvania.

April 27, 2004.

## ORDER

PER CURIAM.

**AND NOW,** this 27th day of April, 2004, we **DENY** the Application for Reargument.

Justice SAYLOR files a Dissenting Statement, in which Chief Justice CAPPY and Justice NIGRO join.

Justice BAER did not participate in the consideration or decision of this matter.

Justice SAYLOR, dissenting.

Appellant was convicted of first-degree murder. The jury found one aggravating circumstance and no mitigating circum-

stances, and set the penalty at death. *See* 42 Pa.C.S. § 9711(c)(1)(iv). On appeal, this Court rejected all of Appellant's claims and affirmed his judgment of sentence. *See Commonwealth v. Ogrod,* 576 Pa. 412, 839 A.2d 294 (2003). Appellant has now filed an application for reargument in which he raises a single issue. He asserts that, at the penalty hearing, the defense and the Commonwealth stipulated that he had no criminal history, and this stipulation was placed before the jury, but the jury inexplicably failed to find the statutory mitigating circumstance that he had no significant history of prior criminal convictions. *See* 42 Pa.C.S. § 9711(e)(1). Thus, Appellant contends that he is entitled to a new penalty hearing because his death sentence was the product of an arbitrary factor, in violation of Section 9711(h)(3)(1) of the Sentencing Code. *See* 42 Pa.C.S. § 9711(h)(3)(1).

Notably, Appellant did not complain of this irregularity in his appellate brief, and indeed, it might have gone unnoticed had it not been brought to light by Mr. Justice Nigro in his concurring opinion. *See Ogrod,* 576 Pa. at 502–03, 839 A.2d at 348 (Nigro, J., concurring). In that opinion, Justice Nigro highlighted the jury's actions and opined that, had Appellant raised the issue, he would have been entitled to relief under the law as it stands today. In particular, Justice Nigro cited to the case of *Commonwealth v. Rizzuto,* 566 Pa. 40, 777 A.2d 1069 (2001), in which this Court overruled its prior decision in *Commonwealth v. Copenhefer,* 526 Pa. 555, 587 A.2d 1353 (1991). In *Copenhefer,* the court had determined that, even where the parties stipulate to a mitigating circumstance, the jury retains the liberty to refuse to find its existence. In *Rizzuto,* the court overruled this holding, explaining that, upon stipulation, the mitigating circumstance becomes "law of the case" and that the jury lacks discretion to refuse to find it

> Under the sentencing scheme in death penalty cases, the jury is required to find the existence of any mitigating circumstances that have been proven by a preponderance of the evidence. [Section] 9711(e)(1) specifically states that "mitigating circumstances shall include the following (1)[t]he defendant has no significant history of prior criminal convic-

tions." Consequently, where the absence of a prior record is not in dispute, as in this case, the sentencing jury has no discretion whether or not to find the existence of this fact as a mitigating factor. If we would grant the jury discretion to ignore stipulations of fact, we would be granting the right to arrive at a sentencing verdict in an arbitrary and capricious fashion. Such a conclusion would undercut the very purpose of the death penalty sentencing scheme as developed by our General Assembly. A sentence of death cannot be "the product of passion, prejudice or any other arbitrary factor." 42 Pa.C.S. § 9711(h)(3)(i).

*Rizzuto*, 566 Pa. at 73–74, 777 A.2d at 1089. Thus, according to *Rizzuto*, where the jury fails to find a stipulated mitigator, such failure introduces an arbitrary element into the process by which the defendant is sentenced to death. *See id.* Because *Rizzuto* post-dated Appellant's trial, however, Justice Nigro observed that Appellant would not be entitled to relief pursuant to a post-conviction claim of ineffective assistance of trial counsel. On that basis, Justice Nigro concurred in the result. *See Ogrod*, 839 A.2d at 348 (Nigro, J., concurring).

In seeking reargument, Appellant does not frame his contention in terms of ineffective assistance. Rather, he asserts that this Court has an independent statutory duty to vacate death sentences imposed due to an arbitrary factor. *See* 42 Pa.C.S. § 9711(h)(3)(i). He avers that this Court erred in affirming his sentence because, as reflected in Justice Nigro's concurrence, the jury failed to find a stipulated mitigator, and such failure constitutes an arbitrary factor, per *Rizzuto*, requiring vacation under Section 9711(h)(3)(i). The Commonwealth responds by noting that, at the time of Appellant's trial, *Copenhefer* had not been overruled, and hence, the trial court did not err in accepting the death sentence reached by the jury.

The Commonwealth's argument is not without some foundation, as the *Rizzuto* court ultimately justified its decision to vacate the judgment of sentence at issue in that matter upon the basis that the trial court had erred in accepting a death penalty which was arbitrarily imposed. *See Rizzuto*, 566 Pa.

at 74–75, 777 A.2d at 1089. It is nonetheless evident from the passage quoted above that this Court's decision rested, ultimately, not on an evaluation of the trial court's performance as such—as indeed *Copenhefer* reflected the governing law at the time—but upon the conclusion that the jury's failure to find the stipulated mitigating circumstance was inherently fatal to the validity of the death sentence under Section 9711(h)(3)(i). In this regard, it is relevant that Appellant's present contention is not premised upon a waived allegation of trial error or ineffective assistance, but upon an assertion that this Court failed to fulfill its independent statutory duty to vacate his death sentence which the record revealed to have been the product of an arbitrary factor. In order to evaluate this claim, it is necessary to consider whether this Court's duty subsisted independently of Appellant's obligation to assert it, and if so, whether Appellant was entitled to the benefit of the *Rizzuto* rule.

First, it is apparent that Appellant is correct in his assertion that this Court's obligation to vacate arbitrary death sentences exists separately from a capital defendant's duty to preserve issues and raise them on appeal to this Court. *See, e.g., Commonwealth v. Hanible,* 575 Pa. 255, 263–64, 836 A.2d 36, 41–42 (2003) (explaining that, separately from consideration of the claims raised by the defendant on direct appeal, the Court remains under a statutory obligation—pursuant to Section 9711(h)(3)—to determine whether the sentence of death was the product of passion, prejudice or any other arbitrary factor); *Commonwealth v. DeJesus,* 567 Pa. 415, 445–46, 787 A.2d 394, 412 (2001) (same). In short, Appellant could not "waive" any claim that his death sentence was the product of an arbitrary factor, because the responsibility to conduct a record search for such factors is imposed on the Supreme Court by the Legislature. Accordingly, that Appellant failed to state this issue in his appellate brief is not a sufficient basis, in itself, to deny relief at the present juncture.

Second, in Pennsylvania, when a new rule of criminal procedure is announced, it is normally applied to the present litigants and all cases pending on direct appeal. *See, e.g.,*

*Commonwealth v. Ardestani,* 558 Pa. 191, 197, 736 A.2d 552, 555 (1999). The United States Supreme Court has explained the necessity of such application, noting that, "because 'selective application of new rules violates the principle of treating similarly situated defendants the same,' we refused [in *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)] to continue to tolerate the inequity that resulted from not applying new rules retroactively to defendants whose cases had not yet become final." *Teague v. Lane,* 489 U.S. 288, 304, 109 S.Ct. 1060, 1072, 103 L.Ed.2d 334 (1989) (quoting *Griffith,* 479 U.S. at 323–24, 107 S.Ct. at 713–14). However, to receive the benefit of a new rule, an appellant ordinarily must preserve the claim at all stages of the adjudication, up to and including the direct appeal. *See Commonwealth v. Freeman,* 573 Pa. 532, 549–50, 827 A.2d 385, 395 (2003). Nevertheless, any requirement of issue preservation assumes, by definition, that the issue is capable waiver, which (as noted above) is not the case here. Therefore, on appeal to this Court, Appellant was entitled to the benefit of the rule announced in *Rizzuto.*

Our discretion in disposing of a request for reargument is guided by appellate procedural rule 2543, which states that such a request "should be granted only when there are compelling reasons therefor." Pa.R.A.P. 2543. The Rule lists, as one example, a situation where this Court has "overlooked ... a controlling or directly relevant authority." *See id.,* Official Note. For the reasons discussed, *Rizzuto* constituted controlling authority on direct appeal with regard to this Court's independent statutory obligation to review the record and vacate the death sentence if it was the product of any arbitrary factor. The record reveals that the parties stipulated that Appellant had no prior criminal history, a stipulation which was placed before the jury, *see* N.T. 10/9/96 at 77; and the jury inexplicably failed to find the 9711(e)(1) mitigator, *see id.* at 104. Accordingly, as the death sentence was the product of an arbitrary factor under *Rizzuto,* this is an appropriate case in which to exercise our discretion in favor of reconsideration. Thus, I would grant the request for reargu-

ment, vacate the death sentence, and remand for a new sentencing hearing.

Chief Justice CAPPY and Justice NIGRO join this dissenting statement.